IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RANDY ETHAN HALPRIN, § | |
| Petitioner, § | |
| § | |
| v. § | Civ. Act. Nos.  3:13-CV-1535-L |
| § | 3:19-cv-1203 |
| LORIE DAVIS, Director, § | *Death Penalty Case* |
| Texas Department of Criminal § | |
| Justice Correctional Institutions, § | |
| Division, § | |
| Respondent. § | |

**RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO STAY AND ABATE PROCEEDINGS**

Petitioner Randy Halprin was properly convicted and sentenced to die for the murder of Irving Police Officer Aubrey Hawkins. Halprin filed his federal habeas petition in 2014. Docket Entry (DE) 15. This Court denied the petition in 2017. DE 49, 50. The Fifth Circuit denied Halprin's application for a certificate of appealability (COA). *Halprin v. Davis*, 911 F.3d 247, 260 (5th Cir. 2018). Halprin's petition for a writ of certiorari is due to be filed with the Supreme Court by June 12, 2019. *Halprin v. Davis*, No. 18A1032. Halprin has now filed a successive habeas petition challenging his presumptively valid conviction and sentence pursuant to 28 U.S.C. § 2241 & 2254. DE 58. Halprin's successive petition raises one claim alleging judicial bias. DE 58 at 21–38.

As discussed in the Director's Motion to Dismiss, Halprin's petition is undoubtedly successive because the petition challenges the same state court

judgment he has unsuccessfully challenged in this Court, and his claim does not fall within an exception under 28 U.S.C. § 2244(b)(2). Halprin has also filed a motion seeking a stay of this Court's proceedings to await the Supreme Court's adjudication of his petition for a writ of certiorari and to permit him the opportunity to raise his judicial bias claim in state court. DE 62. For the reasons discussed in the Director's Motion to Dismiss and, as discussed below, the Director opposes Halprin's motion for a stay of this Court's proceedings.

## ARGUMENT

### I. The Standard Governing Stay Decisions

A "stay and abeyance should be available only in *limited* circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (emphasis added). Those "limited circumstances" exist when an inmate can prove (1) good cause for the failure to exhaust, (2) that the claim is not plainly meritless, and (3) that the request is not for purposes of delay. *Id.* at 277–78. A court should review such requests with caution because a stay and abeyance has the potential to "frustrate AEDPA's goal of finality by dragging out indefinitely . . . federal habeas review." *Id.* at 277.

### II. Halprin Fails to Prove Good Cause for a Stay Because This Court Lacks Jurisdiction.

As discussed at length in the Director's Motion to Dismiss, this Court is without jurisdiction to consider Halprin's successive petition. This Court

denied Halprin's initial federal habeas petition in 2017, and the Fifth Circuit denied his application for a certificate of appealability—and mandate issued—more than six months ago. This Court is, consequently, also without jurisdiction to enter a stay. *See Howard v. Dretke*, 157 F. App'x 667, 672–73 (5th Cir. 2005); *Teague v. Johnson*, 151 F.3d 291 (5th Cir. 1998) (noting that, where the mandate has issued and the petitioner is seeking a stay pending the disposition of a writ of certiorari in the Supreme Court, the court lacks jurisdiction to enter a stay). And because this Court is without jurisdiction to consider Halprin's successive petition, he is not entitled to a stay of these proceedings to allow for exhaustion of a claim on which he necessarily cannot obtain relief in this Court.[1] *See Neville v. Dretke*, 423 F.3d 474, 479–80 (5th Cir. 2005) ("Moreover, even if a petitioner had good cause for [failing to exhaust his claims first in state court], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.") (quoting *Rhines*, 544 U.S. at 1535).

---

[1]   Halprin asserts that his petition is non-successive because it alleges a "defect" that "did not arise . . . until after the conclusion of the previous petition." DE 61 at 13 (citing *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009)). As discussed at length in the Director's Motion to Dismiss, such a reading of § 2244(b) is contrary to its plain text. Moreover, the type of "defects" referenced in *Leal Garcia* were defects that did not exist regarding the underlying conviction—i.e., a claim of incompetence to be executed or a challenge to the calculation of a petitioner's sentence. 573 F.3d at 222. A claim—like Halprin's—that challenged the underlying conviction is, however, squarely within § 2244(b)(2)(B).

Halprin argues this Court should stay its proceedings because he is currently unable to file in state court a subsequent state habeas application raising his judicial bias claim. DE 61 at 7–8. He argues that Texas's "two-forums rule" prevents him from filing a state habeas application because his petition for a writ of certiorari (in his initial federal habeas proceeding) is pending and because his successive petition is pending. DE 61 at 7–8. But the now-modified two-forums rule permits the Texas Court of Criminal Appeals (CCA) to consider "the merits of a subsequent writ . . . if the federal court *having jurisdiction over a parallel writ* enters an order staying all of its proceedings for the applicant to return to the appropriate Texas court to exhaust his state remedies." *Ex parte Soffar*, 143 S.W.3d 804, 807 (Tex. Crim. App. 2004). As discussed in the Director's Motion to Dismiss, this Court is without jurisdiction over Halprin's successive petition. And because the Fifth Circuit has issued mandate in Halprin's initial federal habeas proceedings, there is no jurisdictional overlap between the federal and state courts.[2] *See*

---

[2] The cases cited by Halprin are not to the contrary. DE 61 at 8 n.5. In none of the cases does it appear that the petitioner had filed a *successive* federal habeas petition or the pendency of the initial federal habeas proceedings *post-mandate* prompted the CCA to conclude it was without jurisdiction to concurrently consider a subsequent state habeas application. *Ex parte Acker*, 2014 WL 2002200, at *1 (Tex. Crim. App. 2014); *Ex parte Pondexter*, 2008 WL 748393, at *1 (Tex. Crim. App. 2008).

The CCA routinely considers and rules on subsequent habeas applications where certiorari petitions from initial federal proceedings are pending, especially during last-minute litigation in the days and weeks before an execution. This is because a petition for certiorari does not invoke the jurisdiction of any federal court.

4

*Teague*, 151 F.3d at 291. Consequently, this Court should deny Halprin's Motion.

## II. Halprin's Claim Is Unexhausted and Procedurally Defaulted.

In his successive petition, Halprin raises a claim alleging that his trial judge, Vickers Cunningham, harbored racist and religiously-bigoted views. DE 58. The claim is unexhausted and would be procedurally barred if raised in a subsequent state habeas application. Tex. Code Crim. Proc. 11.071 § 5. Consequently, he is not entitled to a stay of this Court's proceedings. *See Neville*, 423 F.3d at 480. Notably, another member of the Texas Seven—Joseph Garcia—recently raised a judicial-bias claim in a subsequent state habeas application alleging that Cunningham's racist and bigoted views deprived him of his right to due process. *Ex parte Garcia*, No. 64,582-03, 2018 WL 6379949, at *1 (Tex. Crim. App. Nov. 30, 2018). The CCA dismissed Garcia's application "without reviewing the merits of the claims." *Id*. Therefore, Halprin cannot show an entitlement to a stay. *Neville*, 423 F.3d at 480.

## III. The Effect of a Stay of This Court's Proceedings Would Likely Be Delay.

Halprin requests that this Court stay its proceedings and direct him to file a subsequent state habeas application within twenty days of the Supreme

---

Certainly, the Supreme Court's granting of certiorari would confer jurisdiction, but such is extremely unlikely in most cases.

Court's ruling on his petition for a writ of certiorari regarding his initial federal habeas proceedings. DE 61 at 16. His petition for a writ of certiorari is currently due to be filed by June 12, 2019. *Halprin v. Davis*, No. 18A1032. The petition will almost surely not be resolved before the Supreme Court's current session ends. The Court's next session begins in October. The State has moved to set Halprin's execution for October 8, 2019. A stay of this Court's proceedings to await the Supreme Court's resolution of Halprin's certiorari petition would leave little time remaining before October 8, 2019, to file a subsequent state habeas application and for that application to be resolved. While the timeline Halprin proposes may not have been suggested for the purpose of delay, its impact would now almost certainly create such delay. Consequently, this Court should deny Halprin's motion for a stay and dismiss his successive petition.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that the Court deny Halprin's motion for a stay.

    Respectfully submitted,

    KEN PAXTON
    Attorney General of Texas

    JEFFREY C. MATEER
    First Assistant Attorney General

    ADRIENNE McFARLAND
    Deputy Attorney General
    for Criminal Justice

|  |  |
|---|---|
|  | EDWARD L. MARSHALL<br>Chief, Criminal Appeals Division |
|  | s/ Jennifer Wren Morris<br>JENNIFER WREN MORRIS* |
| *Lead Counsel for<br>Respondent* | State Bar No. 24088680<br>Assistant Attorney General |
|  | P.O. Box 12548, Capitol Station<br>Austin, Texas 78711<br>Telephone: (512) 936–1400<br>Facsimile: (512) 936–1280<br>email: *jennifer.morris@oag.texas.gov* |
|  | *Attorneys for Respondent* |

## CERTIFICATE OF SERVICE

I do hereby certify that on June 12, 2019, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Filing" to the following attorney of record, who consented in writing to accept this Notice as service of this document by electronic means.

| | |
|---|---|
| Paul Mansur<br>P.O. Box 1300<br>Denver City, Texas 79323 | Tivon Schardl<br>Timothy Gumkowski<br>Capital Habeas Unit<br>919 Congress, Suite 950<br>Austin, Texas 78701 |
| | s/ Jennifer Wren Morris<br>JENNIFER WREN MORRIS<br>Assistant Attorney General |